## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TERRY FRANCIS SAVOY**                                         **CIVIL ACTION**

**VERSUS**                                                                   **NO.  15-4906**

**MARLIN GUSMAN**                                            **SECTION  "A"(4)**

### REPORT AND RECOMMENDATION

     This petition for a writ of habeas corpus under 28 U.S.C. § 2241 was referred to a United States Magistrate Judge for preliminary review, and if necessary, to conduct a hearing, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1]  In addition, the petitioner has filed a Motion for Partial Summary Judgment (Rec. Doc. No. 17) which is also before the undersigned for consideration. Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary.   **I.**   **Factual and Procedural History**

     According to the facts presented in the petition, the state court record, and the State's response, the petitioner, Terry Francis Savoy, at the time of the filing of this § 2241 petition, was a pretrial detainee awaiting trial on criminal charges in Orleans Parish.[2]  Savoy was charged by Bill of Information in Orleans Parish with racketeering in violation of La. Rev. Stat. Ann. § 15:1351 while engaging in an illegal enterprise as defined by La. Rev. Stat. Ann. § 15:1352.[3]

---

[1]Rec. Doc. No. 7.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 2 of 4, Bill of Information, 10/14/14.

Based on testimony received in the state trial court at the preliminary hearing held March 24, 2015, the charge was based on the following facts.[4]  Officer Gerald Bayer, a Criminal Investigator for the Louisiana Department of Justice, Office of the Attorney General, began investigating Savoy upon a referral from the Federal Bureau of Investigation ("FBI") based on a complaint lodge by Delisa Tate.  In and prior to 2012, Tate owned a healthcare business and was preparing to acquire another healthcare business in New Orleans.  Savoy, who was based in Los Angeles, California, communicated with Tate by phone and email, and on one occasion, met with her in downtown New Orleans regarding placement of several insurance policies for her businesses. Savoy sold Tate workers' compensation and general liability policies for both of her companies through an underwriter identified in the policies as "CAN."  Savoy initially represented to her that the policies would be underwritten by CNA Insurance, a legitimate and reputable insurance company, but changed the policies' language to reference "CAN."

To complete the transaction, Tate wired several thousand dollars to Savoy.  In August of 2012, Tate attempted to file a workers' compensation claim, and discovered that the policy was bogus.  Savoy soon stopped responding to her, so Tate contacted the FBI.

The investigation by the Louisiana Attorney General's Office later would confirm that no "CAN" insurance company existed.  In addition, neither Savoy nor the purported companies he claimed to work for existed or were registered to distribute insurance in Louisiana or California. Officer Bayer obtained a warrant for Savoy's arrest based on his dealings with Tate, and three warrants were also issued based on similar schemes by Savoy in Terrebonne, Ouachita, and Bossier Parishes, Louisiana.

---

[4]St. Rec. Vol. 2 of 4, Hearing Transcripts, pp. 6-33, 3/24/15 (testimony of Gerald Bayer, Criminal Investigator for the Louisiana Department of Justice, Office of the Attorney General).

After full hearings thereon, on April 24, 2015, the state trial court found probable cause to proceed with the charge in Orleans Parish against Savoy.[5]  The Court also denied Savoy's application for writ of habeas corpus, motion to quash the Bill of Information, and motions to suppress the identification, the evidence seized in California, and Savoy's statement.  The Louisiana Fourth Circuit denied Savoy's related writ application on June 16, 2015.[6]  Savoy did not seek further review of this ruling in the Louisiana Supreme Court.

After a hearing held on June 26, 2015, the Court granted part of Savoy's Motion in Limine seeking to preclude the State from introducing evidence of other criminal acts occurring in California under La. Code Ev. R. 404(b).[7]  The Court denied the motion in part to allow the State to reference the three other similar acts occurring in Louisiana.  Savoy did not seek review of this ruling.  However, the Louisiana Fourth Circuit denied the State's related writ application on August 26, 2015, as did the Louisiana Supreme Court on November 6, 2015.[8]

Although the state trial court scheduled Savoy's trial for January 16, 2016, the Court's research has disclosed that the trial has been continued until March 29, 2016.[9]

---

[5]St. Rec. Vol. 3 of 4, Trial Court Order, 4/24/15.

[6]St. Rec. Vol. 4 of 4, 4th Cir. Order, 2015-K-0610, 6/16/15; 4th Cir. Writ Application, 2015-K-0610, 6/3/15.

[7]St. Rec. Vol. 1 of 4, Hearing Transcript, pp. 25-26, 6/26/15.

[8]St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2015-KK-1738, 11/6/15; La. S. Ct. Writ Application, 15-KK-1738, 9/22/15; 4th Cir. Order, 2015-K-0808, 8/26/15; 4th Cir. Writ Application, 2015-K-0808, 7/29/15.

[9]The electronic Docket Master, available through the Orleans Parish Criminal Sheriff's website, reflects a Docket Entry dated 01/15/2016 indicating that the Trial Court granted a joint motion to continue the trial.  A copy of the Docket Master as of February 18, 2016, has been separately filed into the record.

## II.    **Federal Habeas Petition**

In his current petition for federal habeas corpus relief, Savoy asserts under a broad reading the following grounds for relief:[10] (1) The prosecution in Louisiana violates the Constitution because he is a citizen of California; (2) The prosecution in Louisiana violates due process because the court is without power to decide the case where the incidents occurred in California; (3) The arrest warrant and his detention violate the Fourteenth Amendment and his right to be free from unreasonable seizure; (4) Louisiana is violating the federal government's authority over interstate commerce and interstate communications; and (5) An ex post facto violation has occurred because the arrest warrant accused him of violating a law against illegal transfer of monetary funds that was not in place when the alleged transactions occurred.  As relief, Savoy requests that this Court stay all criminal proceedings in the state courts and order his immediate release from custody.[11]

The State filed a response in opposition to Savoy's petition asserting that Savoy has failed to exhaust available state court remedies.[12]  As a result, this Court should abstain from review of his claims until the state's highest court has been given the opportunity to consider his arguments. Alternatively, the State argues that Savoy's claims are without merit.

In his reply to the State's opposition response, Savoy contends that he has exhausted available state court remedies because Louisiana law does not allow for an appeal from or supervisory review of the pretrial matters denied by the state trial court.[13]  He further contends that this federal court owes no comity to the state courts on constitutional matters, and this Court should

---

[10]Rec. Doc. No. 3.

[11]Rec. Doc. No. 3, pp. 8, 11-12; Rec. Doc. No. 3-1, p. 14.

[12]Rec. Doc. No. 14.

[13]Rec. Doc. No. 16.

consider his claims of lack of jurisdiction and bad faith.  Savoy also reiterates his arguments in support of the merits of his claims.

III.   **Federal Habeas Relief and Abstention**

As outlined above, Savoy seeks a stay of the ongoing criminal proceedings against him and his immediate release from prison.  This federal court has jurisdiction under 28 U.S.C. § 2241 to consider petitions by persons in state custody regardless of whether final judgment has been rendered.  *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).  Where a petitioner's state criminal charges are still pending, the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case.  *See Younger*, 401 U.S. at 41 & 53-54; *see also*, *Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007); *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Thus, a federal court must abstain pursuant to the *Younger* doctrine when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"  *Walck*, 472 F.3d at 1233 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Under the first factor, a review of the pleadings and the records reflects that the criminal proceedings against Savoy are ongoing and proceeding to trial in Orleans Parish.  The pleadings also tend to establish that other pending charges, which Savoy now seeks to link to this petition, also remain pending in Terrebonne, Ouchita, and Bossier Parishes.

Second, contrary to Savoy's assertions, the State of Louisiana most certainly has available means for review of the pretrial rulings of the state trial court.  *See* La. S. Ct. Rule X, §§1-8; *see also*, La. Uniform App. Rule 4.  In fact, Savoy's counsel sought review of the initial denial of the motion to quash based on jurisdictional grounds.  Although the writ application was unsuccessful, it was considered and addressed by the appellate court and not rejected on procedural grounds.  Neither Savoy nor his counsel sought review of that ruling through the supervisory authority of the Louisiana Supreme Court available under that court's rules.  *Id.*  This same pretrial review process was utilized by the State to seek review through to Louisiana Supreme Court on the state trial court's partial grant of Savoy's pretrial motion in limine.

The State of Louisiana therefore has an available process for pretrial review of Savoy's jurisdictional and other constitutional challenges to the propriety of his arrest, detention, and prosecution.  He may also preserve these challenges for appeal after trial, should he be convicted.

Finally, under the third abstention factor, the criminal proceedings against Savoy clearly involve a matter of state criminal law and state interests in correcting wrongs done within its borders.  The State will rely on its own statutory provisions to prosecute and prove the charges against Savoy.

Each of the factors favor abstention in this case at this time.  Savoy has shown no basis for this Court to grant a stay in interference with the ongoing state criminal proceedings.  Abstention

from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state courts' entry of the final judgment of conviction is justified by considerations of comity. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also*, *Calihan v. Superior Court*, 158 F. App'x 807, 2005 WL 3397360, at *1 (9th Cir. Dec. 12, 2005) (Principles of comity and federalism require the federal courts to abstain from addressing speedy trial challenges which do not fall into one of these exceptions.)

The Court is aware that "extraordinary circumstances" may justify intervention in circumstances where double jeopardy or speedy trial rights are at issue. *See*, *e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973) (addressing speedy trial).[14] Savoy is not seeking this type of relief.

Instead, Savoy seeks the stay or quashing of his charges and to be released and free from prosecution. The *Braden* Court was clear that pretrial habeas review does <u>not</u> lie, absent some "special circumstance," to adjudicate the merits of an affirmative defense prior to the conviction by a state court. *Braden*, 410 U.S. at 1127 (citing *Ex parte Royall*, 117 U.S. 241 (1886)). Such "special circumstances" are those circumstances requiring immediate action to protect the integrity of the federal right. *Ex parte Royall*, 117 U.S. at 253 (special circumstance requiring immediate action is one which cannot await a final ruling on the charges by the state courts). The *Braden* Court recognized that there is <u>no</u> reason to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493.

Savoy is now trying to accomplish that which the Supreme Court was careful to prevent. He is trying to derail his criminal proceedings by prematurely litigating in this court a request to quash

---

[14]In *Braden*, the specific remedy sought was for the State of Kentucky to set a prompt trial date as required by the speedy trial requirements of the Constitution.

the bill of information and compel his release without a trial.  The fact remains that "the claimed violation may be remedied by [a] decision on the merits so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits." *Atkins*, 644 F.2d at 546.  Savoy is not entitled to pretrial review by this Court and certainly has not established his entitlement to have this Court interfere by way of a stay of the proceedings pending review of a premature habeas corpus petition. *Cf. Atkins*, 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief); *see also*, *Hill v. Michigan*, No. 07-cv-271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) (citing *Atkins*, the district court found "no exceptional circumstances" existed to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him).

Savoy has failed to establish any exception to the *Younger* abstention doctrine which would warrant interference with his on-going criminal proceeding by means of stay or possible dismissal of his charges based on a ruling on the substance of his federal claims.

## IV.   <u>Exhaustion of State Court Remedies</u>

To the extent Savoy may seek appropriate federal habeas relief at this time, he has failed to exhaust available state court remedies.  Although there is no express exhaustion requirement in the statutory language of 28 U.S.C. § 2241, a federal court should abstain <u>not</u> exercise its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson*, 816 F.2d at 225; *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also*, *Braden*, 410 U.S. at 489-92.  The exhaustion doctrine

is applied to § 2241(c)(3) as a matter of comity and is based on federalism grounds to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In a § 2241 action, this exhaustion requirement is obviated only if there are "special circumstances" like those previously addressed. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1975). In this case, no such circumstances exist. Thus, to have exhausted his claims in the state courts, Savoy must have fairly presented all of the same federal claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner.

As verified by the State, and contrary to his representations in his petition, Savoy did not file any writ applications in the Louisiana Supreme Court seeking review of his arguments or the contrary rulings of the lower state courts before filing this petition.[15] The Court has confirmed that Savoy still has not done so.[16] For all of the foregoing reasons, Savoy's petition should be dismissed without prejudice for failure to exhaust state court remedies.

---

[15]Rec. Doc. No. 14-1.

[16]On February 18, 2016, a member of the Court's staff contacted the Office of the Clerk of the Louisiana Supreme Court and was advised that Savoy has not filed a writ application in that Court.

**V.      Motion for Partial Summary Judgment (Rec. Doc. No. 17)**

In light of the foregoing findings and recommendation, Savoy's motion seeking partial summary judgment requires minimal discussion, but nevertheless is meritless.  In the motion, Savoy asserts that he is entitled to relief as it relates to the charges pending in Terrebonne, Ouchita, and Bossier Parishes.  Savoy alleges that his federal petition did not only challenge the pending matters in Orleans Parish, but also challenged the jurisdiction and propriety of the matters pending in the other three parishes.  As such, the State Attorney General's failure to file a response as to the charges in those parishes entitles him to relief on all but the Orleans Parish charges.  There is no indication in the record that Savoy served the motion on opposing counsel of record.[17]

**A.      Standard of Review for Summary Judgment**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).  Summary judgment is appropriate when the movant establishes that the pleadings, affidavits, and other evidence demonstrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004).  "A genuine issue of material fact exists when the evidence is such that a reasonable [fact finder] could return a verdict for the non-movant."  *Piazza's Seafood World*, 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The Court must view all evidence in the light most favorable to the non-moving party.  *Id.* (citation omitted); *Lockett*, 337 F. Supp. 2d at 891 (citation omitted).  Factual controversies must be resolved

---

[17]The certificate of service reflects that Savoy only sent a copy of his motion to the Louisiana Attorney General.

in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*, *per curiam*). Thus, the Court will not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)); *see also*, *TIG Ins. Co. v. Eagle, Inc.*, No. 05-0179, 2007 WL 861153, at *2 (E.D. La. Mar. 19, 2007) (quoting *Little*, 37 F.3d at 1075).

The non-movant has no duty to respond to a motion for summary judgment until the moving party carries its initial burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)). However, if the movant carries its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Id.*; *see also*, *Ashe*, 992 F.2d at 543. The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891 (citation omitted). Rather, the non-movant must cite specific facts identifying a genuine issue to be tried in order to avoid summary judgment. *See* Fed. R. Civ. P. 56(e); *Piazza's Seafood World*, 448 F.3d at 752 (citation omitted); *Lockett*, 337 F. Supp. 2d at 891 (citation omitted). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate ... if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222-23 (5th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

11

B.    **Discussion**

Savoy has failed to provide any competent summary judgment evidence for this Court to consider or a basis for this Court to accept the possibility that he is entitled to relief as a matter of law.  In fact, as a matter of law, this Court should abstain from considering his unexhausted claims.

Furthermore, Savoy's motion is wrought with factual inaccuracies and falls far short of establishing that there are no genuine issues of fact to resolve.  First, the Court does not find that Savoy has specifically challenged the pending arrest warrants/detainers from or charges in Terrebonne, Ouchita, or Bossier Parishes.  In both his petition and the original deficient petition (Rec. Doc. Nos. 1 and 3), Savoy specifically challenged the proceedings and rulings in the Orleans Parish Criminal District Court.  Even to the extent he intended to challenge the arrests and detainers from the other parishes, this Court did not order the Attorney General to file a separate response from the District Attorney or to separately address the matters from the other parishes.

Pursuant to the common practice of the Court, and consistent with the rules related to habeas corpus proceedings, the Court issued an order directing the clerk of court to serve a copy of Savoy's petition on the State Attorney General and the Orleans Parish District Attorney.[18]  The Order also directed the State Attorney General and the Orleans Parish District Attorney to respond to the petition.  This direction is posed to both entities to assure that the Court's Order will be adhered to by the "appropriate officer of the state involved."  *Accord* Rule 4, Rules Governing Section 2254 Cases & *foll.* Advisory Committee Notes, 2004 Amendments.  The decision as to which entity is appropriate to file the response or answer on behalf of the respondent is left to the discretion of the State Attorney General and the District Attorney.  This Court's Order only required one response

---

[18]Rec. Doc. No. 6.

on behalf of the respondent/State and that response was submitted by the Orleans Parish District Attorney.

Furthermore, the State's response and this Court's independent research makes clear that Savoy has not filed <u>any</u> writ applications in the Louisiana Supreme Court. The Court also made a specific inquiry to confirm that no pleadings by Savoy or related to the name Terry Francis Savoy have been filed in the Louisiana Supreme Court except the one writ application, No. 2015-KK-1738, filed by the Orleans Parish District, as referred to previously in this Report.[19]

The record is clear that no specific answer was required from the Attorney General in addition to the response already filed and for the reasons already addressed, Savoy is not entitled as a matter of law to federal habeas relief while his state criminal cases are proceeding and pending complete exhaustion of his available state court remedies. His Motion for Partial Summary Judgment (Rec. Doc. No. 17) should be denied.

## VI.   <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Savoy's **Motion for Partial Summary Judgment (Rec. Doc. No. 17)** be **DENIED**.

It is further **RECOMMENDED** that Savoy's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[19]*See*, Fn. 15, *supra*.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[20]


New Orleans, Louisiana, this 1ˢᵗ day of March, 2016.


KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[20]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.